### LINDIG v. STATE.    (No. 10241.)

(Court of Criminal Appeals of Texas.    Oct. 6, 1926.)

Animals ⚖➤34—*Failure to comply with inspector's notice to dip cattle not violation of statute (Vernon's Ann. Pen. Code 1925, art. 1508a).*

Under Vernon's Ann. Pen. Code 1925, art. 1508a, notice to dip cattle could only be legally made by live stock commission or by its chairman, and notice given by acting inspector was without authority, and failure to comply therewith could not constitute infraction of statute.

Commissioners' Decision.

Appeal from District Court, Blanco County; J. H. McLean, Judge.

Christian Lindig was convicted of failure and refusal to dip his cattle after having been notified in writing so to do, and he appeals. Judgment reversed, and case dismissed.

W. C. Linden, of San Antonio, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense charged is failure to dip cattle when notified so to do, and the punishment assessed is a fine of $50.

The information on which this conviction is predicated is void and of no force and effect, in that it charges that the appellant failed and refused to dip his cattle "after having been notified in writing so to do by a legally authorized and acting inspector duly appointed by the live stock sanitary commission of Texas." The statute provides that the live stock sanitary commission or its chairman is authorized and empowered to direct in writing any person or persons, company, or corporation owning, controlling, or caring for any cattle which are subject to be dipped, to dip said cattle. Article 1508a, Vernon's Ann. Criminal Statutes of Texas.

A simple reading of the statute referred to seems to make it clear that the notice in writing can only be legally made by the live stock sanitary commission or by its chairman, and a notice given by an acting inspector is without authority of law, and a

failure to comply with the notice so given will not constitute an infraction of the statute.

For the reason that the information upon which this conviction is based is void, the judgment is reversed, and the cause dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.